Francisco **TOBON**, Petitioner-Appellant,

v.

**R.L. MARTIN**, Warden; Paula Tennant, United States Parole Commissioner, Respondents-Appellees.

No. 86–7604.
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 17, 1987.

Thomas M. Dawson, Leavenworth, Kan., Joel Hirschhorn, Miami, Fla., for petitioner-appellant.

Frank W. Donaldson, James G. Gann, III, Asst. U.S. Atty., Birmingham, Ala., for respondent-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from the United States District Court for the Northern District of Alabama denying the petition of Francisco Tobon who is presently incarcerated at the Federal Correctional Institution, Talladega, Alabama. Petitioner is presently serving two concurrent sentences of 15 years' imprisonment on charges of possession with intent to distribute cocaine. While there is some dispute between petitioner and the United States concerning the amount of cocaine in petitioner's possession, or traceable to him at the time of his arrest, petitioner concedes in brief that 20 pounds or approximately 10 kilograms of cocaine are properly attributable to him. It is further undisputed that at the time of petitioner's arrest five firearms, one of which was an Uzi 9mm assault weapon, were found in petitioner's home.

Following the initial parole hearing, the Parole Commissioner ordered that the petitioner's incarceration be continued to a presumptive parole date after service of 72 months, which will run on November 6, 1987. In setting this presumptive parole date, the Parole Commission deviated from its normal guidelines. The rating schedule as set out in 28 C.F.R. § 2.20 called for petitioner's normal guidelines to be 40–52 months of time served before parole.

Because of the amount of cocaine attributable to the petitioner, considerably more than one kilogram, and the fact that several weapons were found at petitioner's house, the Parole Commission deviated from its normal guidelines in establishing a presumptive parole date after 72 months. Pursuant to 18 U.S.C.A. § 4206(c), the Parole Commission issued a written statement setting out the above reasons for its decision. Petitioner appealed to the Commission's National Appeals Board which, after modification, affirmed the Parole Commission.

An independent review of the district court's order granting summary judgment clearly reflects the district court was correct. The Parole Commission is not restricted to making parole determinations within its announced guidelines if there is good cause for going outside those guidelines and the reasons are adequately explained to the prisoner. 18 U.S.C.A. § 4206(c). *Rifai v. U.S. Parole Commission,* 586 F.2d 695 (9th Cir.1978). As noted by this Court in *Dufresne v. Baer,* 744 F.2d 1543 (11th Cir.1984), parole remains an act of discretion within the authority of the Parole Commission and the Commission may follow its guidelines, disregard them or change them.

Petitioner's contention that the Commission was wrong in considering the weapons found on petitioner's premises as an aggravating circumstance is incorrect. The law is clear that the Parole Commission may consider any relevant evidence or information in reaching its decision. *See* 18 U.S.C.A. § 4207. We are clear to the

conclusion that it is not an abuse of discretion for the Parole Commission to consider possession of weapons by a drug dealer to be an aggravating circumstance regardless of whether the weapons were obtained legally or in the offender's immediate, actual possession.

The judgment of the district court is AFFIRMED.