**Wayne LEVESQUE,
Petitioner–Appellant,**

**v.**

**Edward BRENNAN and the United States Parole Commission,
Respondents–Appellees.**

No. 88–2018.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1988.

Decided Dec. 19, 1988.

Joseph P. O'Leary (Law Student), Legal Asst. to Institutionalized Persons Program, Madison, Wis., for petitioner-appellant.

Daniel P. Bach, Sheree L. Gowey, Asst. U.S. Attys., Madison, Wis., for respondents-appellees.

Before WOOD, Jr., and EASTERBROOK, Circuit Judges, and GORDON, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioner-appellant Wayne Levesque seeks by writ of habeas corpus to challenge the refusal of the Parole Commission to grant him parole. *See* 28 U.S.C. § 2241. Petitioner alleges that the Commission unlawfully ignored the findings of the sentencing court in determining the date of his parole. The district court dismissed the petition and this appeal followed.[1]

### Factual Background

Petitioner was in the business of selling advertising space in various publications, but the business failed. Some customers complained because they did not receive products for which they had paid. Petitioner and his partner were indicted for mail fraud. Petitioner entered a guilty plea to one count in the United States District Court for the District of Kansas, and the other counts were dismissed.[2]

In the presentence report, the government represented that the petitioner's customer victims had lost about a half million dollars, whereas the petitioner modestly claimed his customers lost only about $14,-000. The petitioner contended that the government used gross sales figures and unfairly combined his legitimate business losses, resulting from bad judgment, with the losses due to his illegal activities. Petitioner filed a motion to strike the controverted material from the presentence report.

The parties argued the matter before the sentencing court. The court denied the motion to strike and made comments consistent with a formal order denying the motion to strike later entered. That order, however, also provided in part:

> The Court finds that there is a genuine controversy as to the contents of the presentence report and Count I of the indictments as set forth above. The Court will consider the facts to be as if the motions to strike were granted, and it is the intent of the Court that those matters will not be considered by the Court for purposes of sentencing and should not be considered by the Parole Commission.

This written order denying the motion to strike made no reference to restitution. The court orally provided for restitution at the time of sentencing. In regard to restitution, the sentencing court stated:

> [T]he Court makes the following findings by the preponderance of the evidence as demonstrated in the proceedings wherein the defendant entered his plea of guilty and presentence report: one, that the Attorney General has identified specific victims of crimes for which the defendant has been convicted. Two, that the victims have submitted claims to the Kansas Attorney General documenting a total loss as it pertains to the defendant of $7,186.75.... Pursuant to the provisions of 18 U.S.C. 36.63 [sic] and the findings made by the Court, the defendant is ordered to pay as restitution ... in the amount of $7,186.75 ... for disbursement to the specific victims referred to in their letters to the U.S. Probation Office....

While serving his three-year mail fraud term at the Federal Prison Camp at Oxford, Wisconsin, petitioner was given an initial parole hearing. The Commission de-

---

\* The Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

1. Joseph P. O'Leary, a law student in the Legal Assistance to Institutionalized Persons Program of the University of Wisconsin Law School, thoroughly briefed and argued this case under the supervision of Professor Keith A. Findley.
   We commend petitioner's counsel for bringing to the attention of this court the October 6, 1988 order of the District Court of Kansas clarifying the District Court's findings at the time of sentencing. *United States v. Levesque,* No. 87–20001–01 (D.Kan. Oct. 6, 1988). We do not, however, consider the order in our decision today because it was not before the district court and, therefore, is not part of the record subject to our review. *See Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir.1986).

2. The codefendant is not involved in this appeal.

**517**

nied parole because it took a different view of the disputed victim loss figures than did the sentencing court both for sentencing and restitution. After considering the matter, the Parole Commission used the government's greater figures of victim loss. The Commission's use of the greater figures upgraded petitioner's fraud to one in excess of $200,000. Petitioner's crime was rated as a category five offense in severity. The parole guideline for category five offenses is twenty-four to thirty-six months. The Commission therefore denied parole.

*Jurisdiction*

Questions first arose at oral argument concerning the court's habeas corpus jurisdiction under 28 U.S.C. § 2241(c)(3) to resolve the issue in this case. Relief is authorized only if petitioner's "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner alleges in his petition seeking the writ that he is being held contrary to the Constitution, the laws of the United States, and the order of the district court, but his claim primarily rests on Rule 32 of the Federal Rules of Criminal Procedure.[3]

This court has questioned in the past its jurisdiction to entertain on a petition of habeas corpus challenges under Rule 32. In *Kramer v. Jenkins*, 803 F.2d 896, 899 (7th Cir.1986), a criminal defendant argued that the Parole Commission considered disputed information that the sentencing court did not take into account under Rule 32. This court expressed some doubt about whether a defendant could raise on collateral attack an argument of that nature. Likewise, in *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir.1986), we held a violation of Rule 32 was to be

corrected on direct appeal, not ordinarily through collateral attack.

Petitioner asserts that he is not making a collateral attack on the parole board's findings but a direct attack under 28 U.S.C. § 2241. He also claims that the court may decide the issue on grounds of collateral estoppel and due process. In addition, he reminds the courts that all avenues of review are foreclosed if the court does not permit habeas corpus jurisdiction. This case in its factual allegations is unique. The petitioner does not allege that the sentencing court violated Rule 32, but that it complied with the rule. As a result, petitioner argues that collateral estoppel or issue preclusion preempted the Parole Commission from resolving the same issue differently than did the district court.

■ All aspects of habeas corpus jurisdiction need not be explored for the purposes of this case. It cannot be challenged that federal courts have subject matter jurisdiction to grant writs of habeas corpus for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241. Whether a parole board's application of a federal district court's findings under Rule 32 or an argument based on collateral estoppel constitute a violation of law need not be decided on jurisdictional grounds. As the Supreme Court explained in *Bell v. Hood*, 327 U.S. 678, 681–83, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946), where a complainant, as in the present case, seeks some kind of constitutional redress, the court should assume jurisdiction unless the constitutional allegation is clearly immaterial and only to obtain jurisdiction. The court may then determine on the merits whether the allegations actually constitute a cause of action, and for that purpose, evaluate the issues of fact. We shall do no more than that.

**3.** Fed.R.Crim.P. 32(c)(3)(D) provides in pertinent part:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report of part thereof, the court shall, as to each matter controverted, make (i) a finding as to the

allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

## Analysis

The sole issue before this court is whether the sentencing court's words or actions precluded the Parole Commission under Rule 32 from taking a harsher view of the facts and continuing petitioner's incarceration.

Petitioner interprets the sentencing court's order to mean that Rule 32 findings were made about the amount of victim loss and that those findings collaterally estop the Parole Commission from independently relying on the government's higher figures of victim loss included in the report. According to the petitioner, the Parole Commission also could not disregard the sentencing court's direction that the Parole Commission ignore the government figures rejected by the sentencing court. Finally petitioner contends the sentencing court's findings in connection with restitution, which correspond with the victim loss figures used for sentencing, constitute a finding under Rule 32 and collaterally estop the Commission from finding a greater victim loss than did the sentencing court.

Under Rule 32 the sentencing court had only two options—either resolve the factual dispute and enter the appropriate findings, or disregard the controverted factual material for sentencing purposes. The trial court's comments create some ambiguity. The sentencing court, though denying the motion to strike, proceeded to sentence the petitioner as if the controverted information had been struck from the probation report. He stated that he would sentence the petitioner as if the motion to strike had been allowed, and that the Parole Commission likewise should ignore the controverted material. The sentencing judge, however, clearly did not make factual findings to resolve the total victim loss dispute. If he had, then petitioner's collateral estoppel or issue preclusion argument would have merit and the sentencing judge would not have needed to suggest or direct that the Parole Commission disregard the controverted material. Without specific factual findings, the sentencing court's comment about what the Parole Commission should do is not binding on the Commission.

Rather than try to sort out the victim losses by a judicial audit of the petitioner's business and no doubt greatly extend the guilty plea proceedings, the trial judge chose the not uncommon alternative of disregarding the disputed matter for sentencing purposes. The sentencing court obviously concluded that a sentence based on the loss of only two victims, and not all victims, was adequate considering the circumstances in the case. The course that was followed is provided for in Rule 32. See Fed.R.Crim.P. 32(c)(3)(D)(ii). A factual determination of the disputed material would have served no practical sentencing purpose. At the same time, that sentencing court procedure left the Parole Commission free to make its own determination of the total victim loss for its parole purposes. For its purposes the Commission did not need to abide by the court's computation of victim loss.

We have already visited a similar issue in *Kramer v. Jenkins*, 803 F.2d 896 (7th Cir. 1986). There we held that the Commission was free to use a disclaimed portion of the presentence report if it found the information sufficiently accurate for its purposes even though, as here, the sentencing judge disregarded the controverted information for sentencing purposes. As the court noted in *Kramer*, the Commission should take into account the sentencing court's view of the disregarded, controverted material but is not bound by the action or views of the district court. See 803 F.2d at 900.

In the present case the sentencing judge's comment that the Parole Commission should do as he did was perhaps good advice, but it was and could be advice only. It was not a Rule 32 option for the sentencing court to make his advice to the Parole Commission binding. The Commission is a part of the executive branch, not the judicial branch. In general it is a function of the court to fix the sentence, but a function of the Commission to determine the amount of the sentence actually served.

In a more recent case, the Second Circuit summed up the situation much the same as we see it:

Where, as in the present case, the sentencing court has chosen to comply with the Rule by disclaiming reliance on contested statements, the Commission is free to use the disclaimed portion of the report if it finds the information sufficiently accurate for its own purposes.... Unlike a finding of falsity, which might bind the Commission under familiar principles of res judicata, the court's mere refusal to rely on a statement reflects only its conclusion that it has found the information questionable or irrelevant for purposes of sentencing.... While such a disclaimer may reasonably be thought of as a flag of caution to the Commission, we see no sound basis for holding that due process or any other applicable precept requires the Commission to give the disclaimer preclusive effect....

*Ochoa v. United States*, 819 F.2d 366, 372 (2d Cir.1987) (citations omitted).

The sentencing court in the present case did no more than disregard the controverted material as it was free to do under Rule 32. An expression that "the court will consider the facts to be as if the motion to strike were granted," along with some advice to the Parole Commission to do the same, did not amount to a Rule 32 finding of fact. To determine the total victim loss, it was necessary for the court to sort out the financial issues raised by petitioner. It did not do so.

■ Restitution provisions are a separate part of sentencing and are governed by 18 U.S.C. § 3663. The sentencing court made findings for restitution purposes based on the preponderance of the evidence. That resulted in the same victim loss figures being used by the sentencing court for restitution purposes as were used for Rule 32 purposes. Because of that correlation, petitioner argues that collateral estoppel applies and precludes the Commission from relitigating the factual issue. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). To preclude relitigation, among other things, the fact issue must be the same issue that has already been determined, not just a related or similar one. *Brubaker v. King*, 505 F.2d 534, 538 (7th Cir.1974).

The fact issues in the Rule 32 context and in the restitution context are related, but are not the same. In the Rule 32 context the court declined to sort out the finances of the failed businesses to determine the total victim loss for sentencing purposes. The court accomplished a fair and just sentencing by disregarding the factually disputed losses.

The sentencing judge based his order of restitution on the claims of two victims who had filed claims with the state Attorney General. He made no effort to determine the identity of the other victims or the amounts of their losses. This is not to say, however, that the sentencing court had determined there were only two victims. There were undoubtedly more victims of the petitioner's fraud than the two who filed the claims, but the court fixed the defendant's share for restitution purposes at about $7,000.

Under 18 U.S.C. § 3662 the sentencing court has wide discretion in ordering restitution and fixing the amount. In enforcing restitution under 18 U.S.C. § 3663(g) the court may consider a variety of factors: defendant's employment status, earning ability, financial resources, wilfulness of failure to pay and other special circumstances. The law does not require the sentencing court to determine the full extent of the loss to defendant's victims, and, in this case, the court did not attempt to do so. A determination of the appropriate amount of restitution with its own set of pertinent factors was not the same issue as total victim loss resolved by the Parole Commission. There can, therefore, be no collateral estoppel.

At petitioner's initial parole hearing in September 1987 he objected to the use of the government computations of victim loss. The Parole Commission, although it considered the sentencing court's order and comments, determined that the order was not binding on the Commission. We believe that to have been a correct decision. As we pointed out in *Kramer v. Jenkins*, 803 F.2d at 900, the Parole Commission

may use, not only the presentence report, but much else besides and may consider matters the sentencing court found unnecessary for its purposes. The decision of the Parole Commission must be based on reason, not fanciful supposition. To come to a reasoned decision the Parole Commission need not conduct an adversarial proceeding with evidence that would persuade a court. More discretion is involved. That standard was satisfied.

In this process involving the important relationship of courts and the Parole Commission, it would be advisable for the Parole Commission to give careful and thorough consideration to the non-binding comments and views of the sentencing judge. In this case that appears to have been done.

The petitioner has failed to state a cause of action in habeas corpus and the dismissal of the petition is, therefore,

AFFIRMED.