**Jeffrey SHEPPARD, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. CV 89–1299.**

United States District Court, M.D. Pennsylvania.

Feb. 26, 1990.

Jeffrey Sheppard, Lewisburg, Pa., pro se.

Robert R. Long, U.S. Atty's Office, Scranton, Pa., for respondent.

### MEMORANDUM

NEALON, District Judge.

Petitioner, an inmate at United States Penitentiary–Lewisburg, Pennsylvania, filed this habeas corpus petition under 28 U.S.C. § 2241. His petition was based upon three distinct due process claims, asserting that Respondent abridged his rights by (1) considering information in his presentence report which the sentencing court found to be inaccurate; (2) basing their decision to increase his offense severity rating on disputed information which was arbitrary and capricious and lacked a rational basis; and, (3) not affording him the opportunity to contest the disputed information in violation of 28 C.F.R. § 2.19(e). *See* document 1 of record.

Magistrate J. Andrew Smyser filed a Report in this case on November 29, 1989, in which he recommended that this petition for habeas corpus relief be dismissed. *See* document 9 of record. In so doing, the Magistrate found that the sentencing judge did not make a finding of inaccuracy per-

taining to the relevant information in the presence report; that there was a rational basis in the presence report for the Parole Commission's decision to increase petitioner's offense severity rating; and that petitioner was provided and, indeed, utilized an opportunity to contest the disputed information during the parole determination hearing. *Id.* In response to the Magistrate's Report, petitioner filed an Objection.[1] *See* document 10 of record.

While the court fully adopts the legal analysis of the Magistrate regarding his latter two findings, further elaboration is required as to his former one.[2] *See* Fed.R. Crim.P. 32(c)(3)(D) (hereinafter Rule 32).[3] Although the court agrees with Magistrate Smyser that the sentencing judge did not make a Rule 32 finding, it will briefly elucidate the legal analysis and facts which ultimately lead to the dismissal of this petition for Writ of Habeas Corpus.

#### A. Sentencing Hearing

The transcript of the sentencing hearing reflects that the judge did not make a Rule 32 finding but merely struck the information from the presentence report regarding the alleged burglary in April, 1987. In pertinent part, the colloquy which transpired at the hearing is as follows:

MR. ORDEN [defense attorney]: With respect to the first paragraph on page five, beginning on April 1st 1987, through the first full paragraph on page six, the—which concerns the April 1st burglary, obviously this case doesn't concern itself with an April 1st burglary and my client has never been charged with that in 1987. Despite the fact over 11 months have now transpired, indicated in the report that Sylvia—I assume they meant Mr. Ed Silver the witness—contacted agents on an April 1st burglary.

The first full paragraph on page six indicates that the warehouse owner was one of the people who made a positive identification of the defendant Sheppard as the person who drove the truck.

You will recall the testimony of Mr. Silver both at the Wade Hearing and at trial that Mr. Silver indicated he had never seen Mr. Sheppard after the time he is alleged to have seen Mr. Sheppard on March 11, 1987. There was also a tape recorded conversation with Mr. Silver which he indicated he didn't identify anyone concerning any other burglaries and I take exception to the Court's consideration of any of that material.

MS. COPELAND [AUSA]: I have no objection to deleting it from the report.

THE COURT: Delete everything on page five beginning with "on April 1st", down to "truck" on page six. *See* document 6, Exhibit G at pp. 8–9.

As the record demonstrates, plaintiff's counsel did not challenge the accuracy of this particular information, but rather argued that his client was not convicted of the April 1st burglary charge and that it is not relevant to the case. The sentencing judge, merely upon the consent of the Assistant United States Attorney, deleted the

---

1. Petitioner referred to *United States v. Castillo–Roman*, 774 F.2d 1280 (5th Cir.1985) in support of his Objection to Magistrate Smyser's Report. Both cases involved the issue of whether the sentencing judge erred when he failed to append a written record of findings and a determination of the accuracy of the information in the presentence report which was transmitted to the Bureau of Prisons, pursuant to Fed.R.Crim.P. 32(c)(3)(D). This case does not concern the propriety of the procedure used in sentencing the plaintiff, but rather whether the Parole Commission properly relied on disputed information in increasing his severity rating.

2. The Magistrate adequately illustrated the underlying facts of the case. The court will refer to them as needed.

3. Rule 32 reads in pertinent part:

    If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons."
    Fed.R.Crim.P. 32(c)(3)(D).

information from the presentence report. Consequently, the court concludes that the sentencing judge did not make a Rule 32 finding.[4]

### B. Motion to Strike

■ Having found that a Rule 32 finding was not made and that the disputed information was struck from the presentence report upon the consent of the U.S. Attorney, the issue which now must be confronted by this court is whether the Commission can predicate its decision to increase plaintiff's severity rating on disputed information struck from the report. The court holds that it can.

Under 18 U.S.C. § 4207, the Parole Commission is required to take into consideration such "relevant information concerning the prisoner as may be reasonably available." 18 U.S.C. § 4207; *see also Ochoa v. United States*, 819 F.2d 366, 372 (2d Cir. 1987); *Tobon v. Martin*, 809 F.2d 1544, 1545 (11th Cir.1987). Under this statute, courts have held that even when the sentencing court expressly instructs the Parole Commission to disregard the controverted material, it still is not binding on the Commission. *See, e.g., Levesque*, 864 F.2d at 518; *Ochoa*, 819 F.2d at 372. In *Levesque*, the sentencing judge stated that "[it] will consider the facts to be as if the motion to strike were granted," and advised the Parole Commission to do the same. The Seventh Circuit held that such a ruling was not tantamount to a Rule 32 finding of fact and that it did not preclude the Commission from considering the material if it found the information sufficiently accurate. 864 F.2d at 518–19.

Moreover, some courts have also held that the Commission may consider evidence of offenses by a prisoner which were charged in dismissed counts. *See, e.g., Robinson v. Hadden*, 723 F.2d 59, 63 (10th Cir.1983); *United States ex rel. v. Warden, Allenwood Federal Prison Camp*, 622 F.2d 60, 64–65 (3d Cir.), *cert. denied*, 449

U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980) (citing *Santobello v. New York*, 404 U.S. 257, 267, 92 S.Ct. 495, 501, 30 L.Ed.2d 427 (1971)). Other courts have concluded that the Parole Commission did not abuse its discretion by considering reports of petitioner's alleged criminal activity that did not result in arrest or conviction. *See, e.g., Goldberg*, 622 F.2d 64–65; *Brunnelle v. Kerr*, 557 F.Supp. 969 (W.D.Wisc.1983). Certainly, if the Commission is permitted to predicate its determination of a release date and severity rating upon information in dismissed counts and criminal activity which did not result in arrest or conviction, it is well within the discretion of the Commission to consider information which was stricken from the presentence report simply because petitioner's counsel raised a relevancy objection to which government counsel consented.

Finally, in *United States v. Nelson*, 837 F.2d 1519, 1522 (11th Cir.), *cert. denied*, 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 58 (1988), the Eleventh Circuit touched on this issue when it considered whether a plea agreement was violated. It noted that "[t]he district court stated that it would 'strike from the PSI and not consider ... in its determination of [the] appropriate sentence, matters in reference to the blank birth certificates.'" *Id.* The court held, in part, that this information in the presentence investigation violated the plea agreement, regardless of the trial judge's decision to strike it because such action "does not bind probation and parole authorities." *Id.*

■ This court agrees with the conclusion in *Nelson* and holds that the Parole Commission is not bound by the sentencing judge's actions in striking the disputed material. This is especially true in light of the fact that the information was deleted by the judge based solely on the objection to its relevancy by petitioner's counsel and

---

**4.** Some courts have suggested that if information in the presentence report is found to be false or inaccurate by the sentencing judge it might bind the Parole Commission under principles of res judicata. However, having found

that the sentencing judge in this case did not make such a finding, the court need not address this issue. *See, e.g., Levesque v. Brennan*, 864 F.2d 515, 518 (7th Cir.1988); *Ochoa v. United States*, 819 F.2d 366, 372 (2nd Cir.1987).

the government's consent to such deletion.[5] Consequently, relying on the forgoing analysis and Magistrate Smyser's Recommendation, this court finds that the Commission did not abuse its discretion.

### ORDER

NOW, this 26th day of February, 1990, IT IS HEREBY ORDERED THAT:

(1) The Report of Magistrate J. Andrew Smyser is adopted in accordance with the accompanying Memorandum.

(2) Petition for Writ of Habeas Corpus is dismissed.

(3) Any appeal from this Order will be deemed frivolous, lacking in probable cause and not taken in good faith.

(4) The Clerk of Court is directed to close this case.

---

**5.** This conclusion is in conformity with the underlying premise that the Parole Commission as an entity of the Executive Branch, is given the responsibility of determining the amount of the sentence actually served, while the function of the federal courts in the judicial branch is to fix the sentence. *See Ochoa,* 819 F.2d at 372; *Levesque,* 864 F.2d at 518.