931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
W. Foster SELLERS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and Warden Pat Keohane,
Respondents-Appellees.
 No. 90-1612.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided April 17, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner W. Foster Sellers appeals that dismissal of his section 2241 habeas corpus action. Sellers alleged that the U.S. Parole Commission had violated his constitutional rights in calculating his parole eligibility date. The district court, in a well-reasoned and thorough opinion, granted summary judgment for the respondents.
 
 
 2
 On appeal, Sellers raises the same arguments he pursued in the district court. After reviewing the record and the briefs, we conclude that the district court adequately addressed the issues Sellers raises[1] and therefore affirm the decision of the district court for the reasons stated in that court's opinion (see attached).
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 4
 W. Foster Sellers, Plaintiff,
 
 
 5
 -vs-
 
 
 6
 U.S. Parole Commission, and Gary L. Henman, Warden, Defendants.
 
 
 7
 No. 89 3258.
 
 
 8
 Jan. 19, 1990.
 
 ORDER
 
 9
 This matter is before the court on Magistrate Frazier's Report and Recommendation of October 30, 1989 granting summary judgment for the defendants in the plaintiff's habeas corpus action. The plaintiff has filed objections within the ten day time period pursuant to 28 U.S.C. Sec. 636(b)(1), and the court shall, therefore, make a de novo review of the Report and Recommendation to which the plaintiff objects.
 
 
 10
 The plaintiff, Willie Foster Sellers, an inmate at USP-Marion, filed this habeas action seeking relief from a Parole Board determination requiring him to serve his sentence to its expiration.
 
 
 11
 The plaintiff first challenges the Parole Commission's consideration of his indictment for bank robbery in the Western District of North Carolina. The indictment was reported in an August 6, 1979, presentence investigation report (PSI). The PSI indicated that the plaintiff and two other individuals were indicted on a charge of bank robbery on August 1, 1977. During the robbery, the bank manager was struck in the head with the butt of a gun, and in excess of $25,000.00 was taken from the bank. The perpetrators escaped in a stolen automobile, which was later found abandoned. The North Carolina Probation Office notified the parole authorities by letter on September 22, 1986, that the indictment described in the PSI had been dismissed on May 9, 1983. The parole authorities were, for that reason, requested to return all copies of the PSI and disregard the information it contained. The Parole Commission concluded that the plaintiff was accountable for the bank robbery and considered the incident in assessing a Category 7 Severity Rating.
 
 
 12
 The Parole Commission's authority to consider information contained in PSIs is well established. Kramer v. Jenkins, 803 F.2d 896 (7th Cir.1986). Facts in the PSI may be considered even though the information has not been proven in an adversarial proceeding or otherwise established as reliable. Walker v. Prison Review Board, 769 F.2d 396, 401 (7th Cir.1985). Courts have consistently recognized the Commission's authority to utilize information concerning dismissed charges. See Maddox v. U.S. Parole Commission, 821 F.2d 997 (5th Cir.1987); Hackett v. U.S. Parole Commission, 835 F.2d 878 (6th Cir.1987); Perry v. U.S. Parole Commission, 831 F.2d 811 (8th Cir.1987). The only limitation on the Commission's consideration is that its decision must be based on reason and the inmate must be given access to the information with an opportunity to respond. Kramer, 803 F.2d at 901. The inmate's opportunity to challenge matters contained in a PSI is considered adequate to guarding against the possibility that release on parole will be delayed or denied on the basis of false information.
 
 
 13
 In the present case, the Parole Commission determined that the plaintiff was accountable for the Denver, North Carolina bank robbery. This determination was based on reason. A grand jury convened in the Western District of North Carolina had collected evidence sufficient to return an indictment charging the plaintiff with the offense. The mere fact of the indictment proves at least "some evidence" supporting the Commission's finding.
 
 
 14
 The plaintiff was privy to the information contained in the PSI and had sufficient opportunity to dispute it. The plaintiff contacted the parole authorities in North Carolina who in turn notified the Parole Commission that the charges had been dismissed. Plaintiff also utilized the opportunity presented at his initial parole hearing to deny any involvement in the bank robbery (Govt's Ex. No. 2) and challenged the information on appeal to the National Appeals Board (Pltf's Ex. H).
 
 
 15
 The plaintiff also argues that information concerning the Denver, North Carolina, bank robbery should not have been considered because it was not included in subsequent versions of the PSI presented to the Parole Commission. Information found to be irrelevant or unnecessary for sentencing purposes may be considered by parole authorities. Levesque v. Brennan, 864 F.2d 515 (7th Cir.1988).
 
 
 16
 Next, the plaintiff challenges the Commission's consideration of his involvement in an escape attempt from the Lexington County Jail in 1976. Information that the petitioner had been indicted for this offense was related to the commission in a September 28, 1976 PSI prepared by the probation office for the United States District Court for South Carolina (Govt's Ex. No. 10). At the time the PSI was prepared, the escape charge was still pending. The incident was described as an attempt by the plaintiff and two others to break out of the Lexington County Jail while being held there pending the outcome of another case. The Parole Commission requested more information and was advised by probation personnel that the escape was attempted through a ventilator, using a screw driver. A guard was overpowered during the incident and locked in a cell. The inmates were attempting to break down an exit door when they were apprehended. (Pet.Ex. C-2). The probation office further advised the Commission that the charge was dismissed on May 11, 1978.
 
 
 17
 The Commission's determination that the plaintiff was accountable for his conduct must be sustained for the reasons stated above. There was at least "some evidence" that the plaintiff had attempted to escape, and the plaintiff had an adequate opportunity to contest this information during the parole proceedings.
 
 
 18
 The plaintiff also contests the consideration of an attempt murder charge against him by the Commission which arose in connection with a bank robbery in Chireno, Texas. Shots were fired in front of an occupied automobile while the robbers of the bank switched get-away vehicles. The plaintiff was convicted of the bank robbery and received a 99 year sentence. Later, the attempt murder charge was dismissed.
 
 
 19
 The Parole Commission did not hold the plaintiff accountable for attempt murder in calculating his severity rating but merely considered the shooting incident as part of the overall offense behavior (Govt's Ex. No. 1, P. 2; Ex. No. 2, P. 2; Ex. No. 3, P. 2). The shooting incident was properly considered in the overall severity of the offense, and the argument to the contrary is rejected.
 
 
 20
 The plaintiff also challenges the Commission's calculation of his prior commitments by reference to his parole revocations. The Commission found that the plaintiff had six prior convictions resulting in five periods of confinement and assessed salient factor score of 1. Included in this calculation were two parole revocation commitments extending from a 1957 burglary conviction (Govt's Ex. No. 2, p. 3). Plaintiff argues that the parole revocations should not be counted because he was denied due process and the right to counsel at the hearings.
 
 
 21
 Procedural due process was not mandated in parole revocation proceedings until Morrissey v. Brewer, 408 U.S. 471 (1972), which was not a retroactive decision. The revocations considered by the parole authorities took place prior to the Morrissey decision. Additionally, neither the parole authorities or reviewing courts are obliged to entertain the plaintiff's collateral attacks on old parole revocation proceedings. A parole board's inquiry is not into the legitimacy of some past conviction but is a prediction of the prisoner's future behavior. Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir.1986). Absent evidence that the parole revocation proceedings were invalidated in a court of law, the parole authorities were entitled to assume that the revocation proceedings were constitutional. Accordingly, the plaintiff's challenge to the Parole Commission's consideration of the parole revocation proceedings is rejected.
 
 
 22
 The plaintiff also contends that the convictions for drunk driving, burglary, battery and forgery should not have been counted in calculating his salient factor score because he was not afforded counsel in those cases. In making this assertion, the plaintiff relies primarily upon Baldasar v. Illinois, 446 U.S. 222, (1980). In Baldasar, the Supreme Court held that uncounselled misdemeanor convictions may not be used under an enhanced penalties statute to convert a subsequent misdemeanor into a felony with a prison term. This holding was based on Scott v. Illinois, 440 U.S. 367 (1979), which held that indigent criminal defendants may not be sentenced to a term of imprisonment unless the state has afforded them the right to counsel. The above cases provide no support for the argument that the Parole Commission is prohibited from considering uncounselled convictions in determining whether to release the plaintiff prior to the expiration of his sentence. Such a holding would be inconsistent with the Commission's authority to consider conduct which has not resulted in a conviction or which underlies dismissed charges.
 
 
 23
 Finally, the plaintiff challenges the Commission's consideration of three disciplinary proceedings, contending that the proceedings fail to provide him due process. The Commission concluded that petitioner had committed new crimes while in prison on three occasions; each involving possession of a weapon and each rated as Category 3 offenses. The first two incidents occurred in 1976 at USP-Atlanta, and the third incident occurred in 1986 at USP-Leavenworth.
 
 
 24
 The Commission is entitled to consider reports prepared by a prison staff, including the reports of disciplinary proceedings. 28 C.F.R. Sec. 2.19 (1). With respect to each disciplinary incident, the plaintiff was given a full opportunity to contest the disciplinary charge and explain any mitigating circumstances. After a review of the disciplinary reports, the court finds some evidence to support the Commission's determination that new criminal conduct occurred.
 
 
 25
 The plaintiff's due process challenge to the disciplinary proceedings must be rejected. The plaintiff has had ample opportunities to challenge the validity of the disciplinary proceedings in both administrative proceedings and in federal habeas corpus proceedings. Absent administrative or judicial expungement of the disciplinary reports, the Parole Commission did not abuse its discretion in considering and relying upon prison disciplinary reports. See Bloodgood v. Garraghty, supra; Cox v. Sigler, supra.
 
 
 26
 Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. Korf v. Ball State University, 736 F.2d 1222, 1226 (7th Cir.1984). The court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Yorger v. Pittsburgh Corning Corporation, 733 F.2d 1215 (7th Cir.1984).
 
 
 27
 The material facts pertaining to this habeas action are not in dispute, and summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. is appropriate. For the foregoing reasons, the U.S. Parole Commission's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.
 
 
 28
 IT IS SO ORDERED.
 
 
 29
 /s/ WILLIAM L. BEATTY
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In addition to the attacks on the parole board's decision, Sellers also alleged in his habeas petition that various prison officials at Marion retaliated against him for exercising his first amendment rights and that they failed to provide him with an adequate diet or with appropriate health care. These allegations are not cognizable under section 2241 because they address the conditions of Sellers' confinement, not its length. See Graham v. Broglin, 922 F.2d 379, 380-81 (7th Cir.1991). Although we held in Graham that a district court should normally address the merits of a suit that a pro se litigant mistakenly labels as a habeas action when it is really a section 1983 action, see id. at 381-82, this is an inappropriate option in Sellers' case. Here, Sellers failed to name the proper parties in his petition. Sellers named only the parole commission and the warden, but omitted the specific individuals (such as the unit manager and librarian) whom he alleged were personally involved in depriving him of his civil rights. In addition, the only relief Sellers requested was release from prison. This is not a remedy Sellers would be entitled to if he were eventually able to prove his allegations under section 1983. Sellers has the option of bringing his action as a separate section 1983 action, and there is some evidence in the record that Sellers has already pursued this course--he references docket numbers of pending suits in the section of the petition in which he discusses the alleged deprivations of his civil rights