16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Alan CASEY, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1764.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1994.*
Decided Jan. 25, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Allen Casey was convicted of various drug and tax charges, including conspiracy to distribute and possession with intent to distribute marijuana and cocaine in violation of 21 U.S.C. Sec. 846. He was sentenced to twenty years of imprisonment. Despite Casey's testimony at the parole hearing that his offense involved approximately 35 to 40 pounds of marijuana, a federal parole panel found Casey responsible for possession with intent to distribute "over 20,000 pounds of marijuana." The parole panel recommended that Casey be paroled after serving 110 months in prison, which is the top of his parole guideline range. The recommendation was based on Casey's involvement in 25 to 30 pounds of cocaine and "more importantly, subject was also involved in marijuana." The National Appeals Board affirmed the panel's recommendation, finding that Casey was involved in, among other things, 100,000 pounds of marijuana. The Board's finding was based on the presentence report to which Casey objected both at sentencing and at the parole hearing.
 
 
 2
 Thereafter, upon Casey's motion, the district court issued an order on January 30, 1992, clarifying that in sentencing Casey it had not relied on any allegation that Casey was responsible for 100,000 pounds of marijuana. See Fed.R.Crim.P. 32(c)(3)(D). The district court stated that the allegation concerning marijuana "should not be considered or relied upon by the Parole Commission in considering Mr. Casey's eligibility for parole." In light of the district court's order, Casey requested the Parole Commission to give him a "Special Reconsideration Hearing" under 28 C.F.R. Sec. 2.28(a). When the request was denied, Casey petitioned the district court for a writ of mandamus pursuant to 28 U.S.C. Sec. 1361. The district court denied the petition, and Casey appeals.
 
 
 3
 It is well-settled that mandamus is an "extraordinary remedy" which may be invoked only when there is: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. Banks v. Sec. of the Indiana Family and Social Services Admin. 997 F.2d 231, 244-45 (7th Cir.1993); Scalise v. Thornburgh, 891 F.2d 640, 648 (7th Cir.1989), cert. denied, 494 U.S. 1083 (1990); Burnett v. Bowen, 830 F.2d 731, 739 (7th Cir.1987). Thus, the judiciary cannot compel a federal official to perform any function through a writ of mandamus "unless the official is clearly directed by law to do so." Banks, 997 F.2d at 244.
 
 
 4
 28 C.F.R. Sec. 2.28(a), New Favorable Information, states:
 
 
 5
 [t]he appropriate Regional Commissioner may, on his own motion, reopen a case at any time upon the receipt of new information of substantial significance favorable to the prisoner. The Regional Commissioner may then order a new institutional hearing on the next docket, or reverse or modify the decision.
 
 
 6
 (emphasis added). Since only discretionary language is used in this provision, we cannot say that the Parole Commission is clearly directed by law to grant Casey a rehearing upon receipt of allegedly new favorable information, in this case the district court's order of January 30, 1992. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (where a matter is committed to discretion, it cannot be said that a litigant's right to issuance of the writ is clear and indisputable); Scalise, 891 F.2d at 644 (no mandatory duty for the Attorney General to issue regulations concerning U.S. citizens incarcerated abroad where legislative history does not show that a mandatory duty was intended and where the statutory language is not mandatory; grant of writ of mandamus reversed).
 
 
 7
 While conceding that the language of 28 C.F.R. Sec. 2.28(a) may be discretionary, Casey cites the mandatory language of 28 C.F.R. Sec. 2.19(a)(3), which states that "[i]n making a parole or reparole determination the Commission shall consider, if available and relevant ... Presentence Investigation Reports." Casey's reliance is misplaced because he is not asking us to direct the Commission to consider the new information now attached to the presentence report, but rather, he is asking for a new hearing. Moreover, he does not claim that the Commission did not look at the new information at all but only that the Commission refused to reconsider its previous decision based on the district court's order.[1]
 
 
 8
 Casey further argues that a writ of mandamus should be issued in his case because the Regional Commissioner abused her discretion and her inaction was arbitrary and capricious. In support, Casey cites Burnett in which we said:
 
 
 9
 under exceptional circumstances of clear illegality when the performance of official duty calls for a construction of governing law, the [federal] officer's interpretation will not be disturbed by a writ of mandamus unless it is clearly wrong and his official action is arbitrary and capricious.
 
 
 10
 830 F.2d at 739 (citing American Healthcare Corp. v. Schweiker, 688 F.2d 1072, 1084 (7th Cir.1982), cert. denied, 459 U.S. 1202 (1983)). Casey's argument is without merit. The language of 28 C.F.R. Sec. 2.28(a) is unambiguous in giving the Regional Commissioner discretion whether to reopen a case, and therefore we cannot say that the Commissioner's and Judge Evans' interpretation of Sec. 2.28(a) as imposing a discretionary duty was clearly wrong. Nor can we say that the Commissioner's denial of Casey's request for rehearing was arbitrary and capricious.
 
 
 11
 Casey next argues that the Parole Commission cannot disregard the district court's January 30, 1992 order directing it to ignore the 100,000 pound marijuana allegation in determining Casey's parole date, and to achieve that end, Casey argues that a new hearing is required. This court has said that while "the Commission should take into account the sentencing court's view of the disregarded, controverted material," it is "not bound by the action or views of the district court." Levesque v. Brennan, 864 F.2d 515, 518 (7th Cir.1988). The Commission is free to use a indirectly disclaimed portion of the presentence report "if it finds the information sufficiently accurate for its purposes," Kramer v. Jenkins, 803 F.2d 896, 900 (7th Cir.1986), even though the sentencing judge disregarded the controverted information for sentencing purposes. See Levesque, 864 F.2d at 518. Applied here, while the district court issued an order suggesting that the Commission do as the court did in disregarding the 100,000 pound marijuana allegation, the order "was and could be advice only." Id. "It was not a Rule 32 option for the sentencing court to make his advice to the Parole Commission binding." Id.
 
 
 12
 Finally, Casey argues that the National Appeals Board's use of the "unsupported, disputed [100,000 pound marijuana] allegation" in determining his parole date violates procedural due process. Because mandamus is not a proper remedy absent a mandatory duty on the part of the National Appeals Board or the Parole Commission to take the requested action, Casey's claim must fail. Accordingly, the district court's judgment is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Commission's letter to Casey stated: "after careful review of your case, our Regional Commissioner has denied your request for reopening your case under 28 C.F.R. Sec. 2.28(a)."