62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George KILLIAN, Petitioner-Appellant,
v.
BOGAN, Warden; United States Parole Commission, Respondents-Appellees.
 No. 94-2333.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 George Killian, a pro se federal prisoner, moves for counsel on appeal from a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. Additionally, he has filed an "Application For Entry Of Default And Immediate Bond." The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The background facts are adequately set forth in the magistrate judge's report and recommendation and will not be repeated here. The essence of Killian's claims is that he was denied due process in his parole revocation procedures and that fabricated evidence was used to revoke his parole. The magistrate judge issued a report recommending that Killian's petition be denied. The district court adopted the report and recommendation after reviewing Killian's objections.
 
 
 3
 Review of a decision by the United States Parole Commission is limited to a determination that a rational basis exists for the Commission's conclusions. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir. 1993); Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir. 1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984). Review is appropriate, however, in considering whether the Parole Commission acted within its statutory and regulatory authority. Hackett, 851 F.2d at 130; Farkas, 744 F.2d at 39.
 
 
 4
 Upon review, we affirm the district court's order. The Parole Commission's failure to grant Killian a termination hearing after five years did not adversely affect the exercise of the Commission's jurisdiction to revoke Killian's special parole term. See Penix v. United States Parole Comm'n, 979 F.2d 386, 388 (5th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 2348 (1993).
 
 
 5
 Killian was not deprived of due process by any of the pre-hearing procedures. His claim that he was denied counsel, the presence of witnesses and necessary documents are without merit and unsupported by the record.
 
 
 6
 In deciding whether to grant or deny parole, the Parole Commission is not limited to considering only the offense for which a prisoner was convicted. See 18 U.S.C. Sec. 4207 (1995). The Commission may consider "any relevant evidence or information in reaching its decision." Tobon v. Martin, 809 F.2d 1544, 1545 (11th Cir. 1987) (per curiam). Thus, as the magistrate judge correctly stated, any claim that only the facts comprising the offense for which a prisoner was convicted shall be considered is without merit.
 
 
 7
 The Parole Commission acted within its discretion when the Regional Commissioner rejected the recommendation in this case regarding the malicious destruction of property charge and found Killian responsible for the violation after the revocation hearing. The role of the interviewing officer at the preliminary interview is only to make recommendations to the Regional Commissioner on whether probable cause exists for the alleged parole violation. See 28 C.F.R. Sec. 2.48(d) (1994). The Regional Commissioner may disagree with a recommended decision and find probable cause notwithstanding the recommendation of the interviewing officer that no probable cause exists for the allegation. Sec. 2.48(d)(1).
 
 
 8
 The Parole Commission did not violate Killian's due process rights when the Commission found Killian guilty of both the criminal charge of impaired driving and the administrative violation charge of excessive use of alcohol. Courts have held that double jeopardy does not bar parole violation proceedings. See, e.g., Thompson v. Reivitz, 746 F.2d 397, 399-400 (7th Cir. 1984), cert. denied, 471 U.S. 1103 (1985); Simpson v. Gunnell, 567 F. Supp. 20, 26 (D. Conn. 1982). In any event, the two charges related to two separate incidents.
 
 
 9
 Killian's claim that the Parole Commission abused its discretion and denied him the opportunity to present "documentary evidence" to refute the credibility of his estranged wife is not subject to judicial review since the claim relates to findings by the Parole Commission. See Farkas, 744 F.2d at 38-39.
 
 
 10
 Killian's claim that he could not be found guilty of breaking and entering or of malicious destruction of property, since he was still married to his estranged wife, is essentially a challenge to the Parole Commission's determination on both legal and factual grounds. While allegations of erroneous factual findings are insulated from judicial review, the legality of the Parole Commission's actions may be scrutinized. Farkas, 744 F.2d at 39. In this case, the Parole Commission made a factual finding that Killian was not living together with his wife. Review of the Parole Commission's fact findings is limited to determining whether the information relied on by the Commission is sufficient to support the Commission's findings. Hackett, 851 F.2d at 130. Based on factual determinations, there was no evidence that Killian had a legal right to enter his wife's home or the right to damage his wife's vehicle. Consequently, there was constitutionally adequate evidence for the Parole Commission's determination that Killian's behavior was new criminal conduct.
 
 
 11
 Contrary to Killian's claim, it was not unreasonable for the Parole Commission to determine Killian's actions to be the crime of burglary. See People v. Pohl, 507 N.W.2d 819, 820-21 (Mich. Ct. App. 1993) (per curiam), remanded for resentencing, 519 N.W.2d 899 (Mich. 1994); People v. Szpara, 492 N.W.2d 804, 805-06 (Mich. Ct. App. 1992) (per curiam), leave to appeal denied, 500 N.W.2d 476 (Mich. 1993).
 
 
 12
 Killian's claim that the Parole Commission could not revoke his special parole term for failing to report his arrest for impaired driving since this would violate his right not to incriminate himself under the Fifth Amendment is without merit. This claim does not implicate the Fifth Amendment because the parole condition only required the parolee to report the arrest, not to admit criminal wrongdoing.
 
 
 13
 Killian's claim that the revocation process did not comport with the minimal due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471 (1972), is without merit. The minimal procedural safeguards of Morrissey were fulfilled. As the magistrate judge correctly pointed out, Killian was given written notice of the claimed violations, disclosure of the evidence against him, the opportunity to be heard and to present witnesses and documentary evidence, and the right to confront and cross-examine adverse witnesses, absent good cause. In addition, Killian was provided with a neutral and detached fact finder, and a written statement of the reasons for revoking parole.
 
 
 14
 The remaining claims asserted on appeal are without merit.
 
 
 15
 Accordingly, the motion for counsel and "Application For Entry Of Default And Immediate Bond" are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.