**Alvaro L. HERNANDEZ, Jr.,
Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 82–1326
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1983.

C. Larry Mathews, Jr., First Asst. Federal Public Defender, El Paso, Tex., for petitioner-appellant.

W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., for respondent-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

This habeas appeal follows the determination by the district court, based on a magistrate's report, that the guilty plea entered by the petitioner to a charge of attempted escape from the Pecos County Jail in Fort Stockton, Texas,[1] and theft of the jailer's automobile was not involuntarily induced.

The petitioner claimed that the guilty plea entered was involuntarily induced through "physical violence, threats, coercion, subterfuge, and restricted food rations." After unsuccessfully pursuing his habeas claim in state court, the petitioner filed his petition in federal court, where it was assigned to a magistrate. The magistrate held a three-day evidentiary hearing involving numerous factual disputes and filed a twenty-five page report recommending denial of the habeas petition. The petitioner filed timely objections to the magistrate's report. These objections were based, *inter alia,* on the credibility determinations made by the magistrate. Based on

---

1. Petitioner was in jail awaiting sentencing on    a conviction for capital murder.

the magistrate's report, the district court filed a memorandum opinion and order in May 1982 denying the habeas petition. This order was entered prior to the time the transcript of the evidentiary hearing was prepared.[2]

Because it appears that the district court's approval of the magistrate's report did not constitute a *de novo* review of the portions of the magistrate's report to which the petitioner objected, as required by 28 U.S.C. § 636(b)(1), we remand this case to the district court for such *de novo* review based on the now-available transcript of the hearing.

In 28 U.S.C. § 636(b)(1), it is provided that "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made."

While the Supreme Court has indicated that it is not necessary that the district court hold a *de novo* hearing under section 636(b)(1) to resolve credibility issues, *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980), we held in *United States v. Elsoffer,* 644 F.2d 357, 359 (5th Cir.1981), an evidentiary suppression case, that "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations."

The respondent argues that here the district court's memorandum order constituted an "independent and *de novo* determination of the contested factual findings made by the magistrate." While this is no doubt true, a review of the factual findings made by a magistrate is not the same thing as a *de novo* review of the evidence itself. The magistrate's findings ·are persuasive and well-documented; however, the statutory obligation of the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made is not satisfied by a mere review of the magistrate's report itself.

There is no indication in the magistrate's report or in the district court's memorandum order that any tape recording or record of the evidentiary hearing was made, other than the (belated) transcript. *Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352, 356 (5th Cir.1980) (record silent as to any tape recording of the proceedings). It therefore appears that the district court could not have complied with the required *de novo* determination.[3]

It is especially important in resolving credibility disputes that the district court review the verbatim account of the evidentiary hearing conducted by the magistrate. Perhaps such a verbatim record is not so significant when the issue involves a pure question of law or even a mixed question of fact and law. Here, however, where the magistrate's recommendation was based on conflicting testimony, it was especially significant that the district court, in complying with section 636(b)(1), conduct a *de novo* review of the testimony itself. The district court nowhere states that such review was made and, as stated, it does not appear that such a review would have been possible.

For these reasons, therefore, this case is remanded to the district court so that it may conduct a *de novo* determination of those portions of the magistrate's report to which objection has been made.

REMANDED.

---

2. Although the evidentiary hearing before the magistrate was held in June 1981, the transcript was not completed and filed with the district court until December 1982, over six months after the district court's order denying the writ. Appeal had already been filed with this court prior to the filing of the transcript, and an order allowing supplementing of the record was granted in order to include the hearing transcript in the record on appeal. No explanation of the delay in preparation of the transcript has been given this court.

3. For a discussion of *de novo* review based on sound recordings, see *Nettles v. Wainwright,* 677 F.2d 404, 409 n. 5 (5th Cir.1982) (en banc).