**Ronald G. SILLS, Appellant,**

v.

**BUREAU OF PRISONS.**

No. 84–5844.

United States Court of Appeals, District of Columbia Circuit.

Motion Filed Dec. 10, 1984.

Opinion Filed May 14, 1985.

was prescribed by the September 29, 1982, order and applied to the balance of the fourth year.

Eugene R. Fidell, Washington, D.C., was on appellant's motion for summary reversal.

Before WRIGHT, MIKVA and BORK, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

ON MOTION FOR SUMMARY REVERSAL

MIKVA, Circuit Judge.

Appellant, Ronald G. Sills, has moved this court to summarily reverse an order of the District Court dismissing his complaint. In his complaint, appellant, a federal prisoner, seeks access to military law research materials to assist him in his pursuit of post-conviction remedies. Upon receipt of the appellant's complaint, the district court granted the appellant leave to proceed without prepayment of costs and simultaneously dismissed the complaint *sua sponte*, noting on the face of the complaint: "Dismissed § 1915(d)—No constitutional right to the equivalent of Widener Library." (apparently a reference to the main library at Harvard University).

We hold that appellant has clearly raised a viable claim for relief and that dismissal pursuant to § 1915 was not warranted. We, therefore, grant the appellant's motion for summary reversal and remand the case to the District Court for further proceedings consistent with this opinion.

## I. BACKGROUND

Mr. Sills is an inmate in the federal correctional institution at Texarkana, Texas. Mr. Sills was convicted by courts-martial and thereafter transferred into the custody of the Federal Bureau of Prisons pursuant to Article 58(a) of the Uniform Code of Military Justice, 10 U.S.C. § 858(a) (1982). On November 23, 1984, appellant, through counsel, filed a complaint in the District Court seeking an order directing the Bureau of Prisons to allow Mr. Sills, and all other similarly situated prisoners, access to current military legal materials. Appellant alleged that the military law materials at the facility in Texarkana are insufficient to guarantee his constitutional right to meaningful access to the courts. The complaint includes three causes of action: one based on the constitutional right of meaningful access to the courts, one based on the Uniform Code of Military Justice, and one based on the regulations of the Bureau of Prisons. Upon receipt of the complaint, the District Court, *sua sponte*, and prior to service of process on the defendant, dismissed Mr. Sills' complaint. No further explanation, other than the cryptic notation on the face of the complaint, was given by the District Court.

## II. ANALYSIS

Although a party bears a heavy burden of showing that summary disposition is appropriate, *see United States v. Allen*, 408 F.2d 1287, 1288 (D.C.Cir.1969) (per curiam), we find that Mr. Sills has clearly met that burden in this case. There is nothing that could be brought before this court by the appellee which could affect the need to order the complaint reinstated. Because the merits of Mr. Sills' right to proceed are so clear, plenary briefing, oral argument,

and the traditional collegiality of the decisional process would not affect our decision. In sum, the merits of this action have been given the fullest consideration necessary to a just determination; accordingly, summary disposition is appropriate. *See Walker v. Washington,* 627 F.2d 541, 545 (D.C.Cir.) (per curiam), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980); *see also Ambach v. Bell,* 686 F.2d 974, 979 (D.C.Cir.1982) (per curiam).

A. *Dismissal Pursuant to § 1915(d)*

"[T]o guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action ... in any court ... solely because his poverty makes it impossible for him to pay or secure the costs," *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948), Congress enacted 28 U.S.C. § 1915, which permits federal courts to authorize the maintenance of an action without prepayment of fees and costs. At the same time, Congress enacted a "narrow exception," *see Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 59 (D.C.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985), to this right by authorizing a court to dismiss such an action if it is "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1982).

This court has recognized the serious impact of threshold dismissal on the rights of indigent litigants and has repeatedly attempted to protect these rights by providing clear guidelines and procedures which must be followed before a litigant is denied his right to seek redress in the courts. We have consistently held that § 1915(d) may not be utilized to "shortcircuit," *see Brandon,* 734 F.2d at 59, the claims of litigants who, had they not been indigent, would have been permitted to continue with the action. We have admonished the district court that § 1915(d) "provides no basis for cursory treatment of meritorious complaints" and further that the discretion to dismiss "may not be exercised arbitrarily and is limited ... in every case by the

language of the statute itself which restricts its application to complaints found to be frivolous or malicious." *Brandon,* 734 F.2d at 58–59; *Crisafi v. Holland,* 655 F.2d 1305, 1306–1307 (D.C.Cir.1981) (citations omitted).

The court has also clearly defined the narrow class of cases which may be deemed "frivolous." If a complaint "indicate[s] facts in support of its conclusions," *see Crisafi,* 655 F.2d at 1307, and the named defendant is amenable to suit, *see id.* at 1308, then "if the complaint has at least *an arguable* basis in law and fact ... it cannot be deemed frivolous.... Dismissal of ... suits under the frivolous standard must therefore be reserved for those cases in which there is indisputably absent any factual and legal basis for the asserted wrong." *Brandon,* 734 F.2d at 59 (emphasis in original). We have repeatedly sought to emphasize the limited nature of this exception by noting that *"sua sponte* dismissal would almost always seem less preferable than requiring at least some responsive answer from the government entity or official named as defendant." *Brandon,* 734 F.2d at 62; *Redwood v. Council of the District of Columbia,* 679 F.2d 931, 934 (D.C.Cir.1982).

■ Finally, to fulfill our duty as a court of appeals, and to ensure that the indigent litigant's rights have been considered, we have asked the district court to provide a clear statement of reasons when dismissing a complaint under 28 U.S.C. § 1915(d). The statement serves two purposes: it facilitates appellate review by informing this court and the parties of the grounds on which the action was dismissed, and, "more importantly," it ensures that the district court has carefully considered the complaint and the applicable law. *In re Pope,* 580 F.2d 620, 623 (D.C.Cir.1978); *see also Norris v. Slothouber,* 718 F.2d 1116 (D.C. Cir.1983); *In re Scott,* 709 F.2d 717, 718 (D.C.Cir.1983); *Redwood,* 679 F.2d at 934; *Crisafi,* 655 F.2d at 1310. Mere notations on the face of the complaint do not serve either of these purposes. "Such a practice encourages frequently unmeritorious ap-

peals; it may needlessly consume the time of litigants, the court of appeals, and ultimately the district court as well." *Redwood*, 679 F.2d at 934; *see also Crisafi*, 655 F.2d at 1310.

■ This mandate would be unnecessary if the district court exercised its power to revoke *in forma pauperis* status on appeal when dismissing a case as frivolous under § 1915(d). Section 1915(a) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674, 78 S.Ct. 974, 974, 2 L.Ed.2d 1060 (1978). Therefore, if the district court dismisses a case as frivolous, then it should also revoke *in forma pauperis* status, or it should explain why the action is "frivolous" in the district court, but is not "frivolous" on appeal. If the district court denies a motion to proceed on appeal *in forma pauperis*, it "shall state in writing the reasons for the denial." Fed.R.App.P. 24(a). This court has held that the required statement of reasons must present more than simple conclusions:

> If the denial of leave to appeal is because appellant cannot be deemed in good faith because his claim is frivolous, the statement of reasons should explain why the claim is frivolous. If the finding rests on considerations of fact, appropriate record citations might be given. If it rests on a matter of law, the general reasoning and relevant cases should be indicated.

*Davis v. Clark*, 404 F.2d 1356, 1357–58 (D.C.Cir.1968) (per curiam) (separate opinion of Tamm, J.).

Further, the failure to revoke *in forma pauperis* status has a pernicious effect on the party that prevailed below. Despite the fact that the district court has concluded that the complaint has "no arguable basis in law and fact," if this status is not revoked, and the appellant does not move for appointment of counsel or summary reversal, then the appellee is forced to file either a motion for summary affirmance or a brief on the merits. If the case is frivolous, then the appellee should not be put to this additional burden. If *in forma pauperis* status is revoked by the district court, the appellant must move to proceed on appeal *in forma pauperis*. This provides an appropriate mechanism for this court to make a threshold determination of whether the case is frivolous, without requiring any action by the appellee. Thus, this procedure protects both the right of the indigent litigant to careful consideration of his complaint and the right of the appellee to be free from the burden of frivolous lawsuits.

### B. *Mr. Sills' Complaint*

■ In this action, the district court dismissed Mr. Sills' complaint without ruling that the complaint was frivolous, and with a "statement of reasons" that was clearly insufficient. This defect alone would require us to reverse the District Court. We hold, however, upon our examination of the complaint, that Mr. Sills has clearly raised a viable claim for relief, and that the District Court's threshold dismissal was not warranted.

Appellant, who was convicted under military law, has claimed that he has a constitutional and statutory right to access to appropriate military legal research materials, and that he does not have access to these materials. To support these conclusions, Mr. Sills has presented facts which show that he does not have access to any military legal precedents because the library at Texarkana does not have military law reporters. The appellant also alleges that the federal civilian inmates have access to all case law which is relevant to their convictions. Since the Bureau of Prisons is the appropriate defendant in this action, these allegations are sufficient to withstand threshold dismissal.

Mr. Sills' constitutional claim clearly has an arguable basis in law and fact. The Supreme Court has held that "prisoners have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817,

821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977), and that this access must be adequate, effective, and meaningful. *Id.* at 822, 97 S.Ct. at 1495. To effectuate this fundamental constitutional right, "prison authorities [are required] to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with *adequate* law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498 (emphasis added). Proof that prisoners do not have access to legal materials from the jurisdiction of their conviction, may support a finding of lack of meaningful access to the courts. *See Rich v. Zitnay,* 644 F.2d 41, 43 (1st Cir.1981). Thus, appellant has supported his complaint with facts and law, and dismissal was clearly unwarranted.

Appellant's other causes of action also withstand threshold dismissal. The Uniform Code of Military Justice provides that Mr. Sills must be afforded the "same ... treatment" as federal civilian prisoners. *See* 10 U.S.C. § 858(a) (1982). Mr. Sills has alleged that federal civilian prisoners have access to case law relevant to their convictions, and that he does not have access to case law relevant to his conviction. Mr. Sills has raised a viable claim that he is not receiving the "same" treatment. Based on the above-mentioned facts, appellant also has an arguable claim that the Bureau of Prisons has not provided "appropriate resources" for his needs, *see* 28 C.F.R. § 527.10(a) (1984), and has not provided "reasonable access to legal materials ... and reasonable opportunity to prepare legal documents." *See* 28 C.F.R. § 543.10 (1984). There simply is no basis for concluding that "there is indisputably absent any factual and legal basis for the asserted wrong," *see Brandon,* 734 F.2d at 59, and therefore dismissal of these claims was also unwarranted.

We are aware of the heavy workload of the district court and we have not required a statement of reasons in every case in which a complaint is dismissed pursuant to § 1915(d). *See Crisafi,* 655 F.2d at 1310. When the basis for dismissal is evident on the face of the complaint, a statement of reasons may be unnecessary. In every other instance, the district court must provide its reasoning so that this court can determine whether the appropriate procedures have been followed. We do not believe that this will unduly add to the district court's burden; "[s]uch a requirement is not onerous if the matter was dealt with in a conscientious manner in passing on the merits." *Davis v. Clark,* 404 F.2d 1356, 1358 (D.C.Cir.1968) (per curiam) (separate opinion of Tamm, J.). In any event it is a necessary burden for the district court so that this court may carry out its reviewing responsibility.

*Reversed and remanded.*