**CASCADE BROADCASTING GROUP, LTD., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**TRC Communications, Inc., Intervenor.**

No. 86–1397.

United States Court of Appeals, District of Columbia Circuit.

July 7, 1987.

Daniel M. Armstrong, Associate General Counsel, and Martin Blumenthal, Counsel, F.C.C., Washington, D.C., were on the motion for summary affirmance.

---

Michael L. Glaser, Francis E. Fletcher, Jr. and Lynn M. Clancy, Washington, D.C., were on appellant's opposition to motion.

Richard E. Wiley, Barry D. Wood and William B. Baker, Washington, D.C., were on intervenor's reply in support of motion.

## ON MOTION FOR SUMMARY AFFIRMANCE

Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant Cascade Broadcasting Group, Ltd., ("Cascade") seeks review of a decision rendered by the Federal Communications Commission ("FCC" or "Commission") after a comparative hearing. In the contested decision, the agency denied appellant's application to construct a new television broadcast station and simultaneously granted the competing application of intervenor TRC Communications, Inc. ("TRC").

The Commission has filed a motion for summary affirmance of its action. Upon consideration of the parties' filings supporting and opposing the motion for summary affirmance, we have concluded that we are able to give the merits of this appeal "the fullest consideration necessary to a just determination" without plenary briefing or oral argument. *Sills v. Bureau of Prisons,* 761 F.2d 792, 794 (D.C.Cir. 1985). *See also Walker v. Washington,* 627 F.2d 541, 545 (D.C.Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980). Consequently, we have treated the motions papers as briefs and decided the appeal pursuant to Rule 11(d) of the court's General Rules.

Cascade contends that the Commission, in its evaluation of the competing applications for the broadcast station, departed unjustifiably from established agency policy in accepting TRC's claim that its proposed management arrangement constituted full-time integration of ownership and management of the station. The degree to which an applicant proposes to integrate ownership with station management is a significant factor in the Commission's determination of the comparative merits of mutually exclusive applications. *See Cleveland Television Corp. v. FCC,* 732 F.2d 962, 972 (D.C.Cir.1984). In the instant case the Commission determined that TRC's owner could qualify as a full-time manager despite the fact that, according to TRC's application, the station owner would not reside in Caldwell, Idaho, where the station is to be located, but would instead commute by air between his home and Caldwell at the beginning and end of each work week.

■ In reviewing FCC decisions reached after a comparative hearing, the court's role is a narrow one. *Victor Broadcasting, Inc. v. FCC,* 722 F.2d 756, 760 (D.C. Cir.1983). Here, the FCC has amply demonstrated that it has done all that this court requires of it. Although an agency's unexplained departure from past norms could justify reversal by a court reviewing the agency action, *see Secretary of Agriculture v. United States,* 347 U.S. 645, 652–53, 74 S.Ct. 826, 830–31, 98 L.Ed. 1015 (1954), here the FCC has both demonstrated that its decision did not constitute a break with past policy and provided a wealth of explanation for the decision. At each tier of agency treatment of this matter, the Commission gave reasoned consideration to the arguments put before it and adequately articulated the reasons for its action. *See Cleveland Television Corp.,* 732 F.2d at 972.

The Commission has successfully rebutted Cascade's charge that it was unprecedented for the agency to find that an applicant not planning to be a permanent resident of a station's service area could be considered a full-time manager for purposes of evaluating the proposed involvement of the owner in the management of the station. The agency cites past instances in which it has held that a five-day, forty-hour week constitutes full-time involvement.

Appellant's allegation that acceptance of the proposed commuting arrangement of TRC's owner was a marked departure from agency practice has also been refuted by

the FCC. The Commission cites its past approval of automobile commuting arrangements involving trips that required longer periods of time than the airplane commute accepted in this decision. In making its decision in favor of TRC, the agency reasonably concluded that the proposed commuting trip was similar to other arrangements previously accepted as qualifying for full-time integration credit.

In sum, the agency has fully explained its conclusion that no break with established policy was implicated in its decision in this case and has offered a reasoned articulation for the decision. Appellant has presented no argument that could justify the court's concluding that, despite the narrow scope of review, the agency action should be reversed. Affirmance of the agency's action is therefore appropriate.

■■■■ We take this occasion to inform the bar that henceforth we will treat motions for summary disposition in appeals and petitions for review of agency action as we treat such motions in appeals from judgments of the district court. When filed in compliance with the requirements of General Rule 6(k), motions for summary disposition will be granted where the merits of the appeal or petition for review are so clear that "plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect our decision." *Sills*, 761 F.2d at 793–94. Like judgments of the district court, agency action will be subject to summary review by motion only where the moving party has carried the heavy burden of demonstrating that the record and the motions papers comprise a basis adequate to allow the "fullest consideration necessary to a just determination." *Id.* at 794.