923 F.2d 201
 287 U.S.App.D.C. 378
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Edgar T. JONES, Appellant,
v.
Richard L. THORNBURGH, Attorney General.
 No. 89-5267.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 23, 1990.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of this court's order to show cause filed September 26, 1990, and the absence of a response thereto, the motion for appointment of counsel and the motion of the Attorney General for summary affirmance, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for appointment of counsel be denied. It is
 
 
 4
 FURTHER ORDERED that the motion for summary affirmance as to appellee, the Attorney General, be granted. Given the absence of any factual allegations directed at the Attorney General, the complaint utterly fails to state any claim upon which relief could be granted against him. It is
 
 
 5
 FURTHER ORDERED that the district court's order, filed May 31, 1989, sua sponte dismissing the complaint, be vacated and the case remanded to the district court for further proceedings. A complaint may be dismissed, sua sponte, as frivolous only if it has no arguable basis in law or fact. Nietzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Sua sponte dismissal was inappropriate because the complaint raised various non-frivolous claims. Liberally construed, the complaint's allegations regarding appellant's transfer to a constitutionally inadequate facility may state a due process violation. See Meachum v. Fano, 427 U.S. 215, 224-25 (1975) (suggesting that while a prisoner may be transferred to a less agreeable prison, the conditions of confinement must not otherwise violate the constitution). The denial of legal materials from the jurisdiction where an inmate was convicted may support a finding of lack of meaningful access to the courts. See Sills v. Bureau of Prisons, 761 F.2d 792, 796 (D.C.Cir.1985). The denial of a diet conforming to religious constraints may, under certain circumstances, constitute an unreasonable restriction on the right to practice religion. See Barnett v. Rodgers, 410 F.2d 995 (D.C.Cir.1969). The unavailability of certain medical treatments to inmates transferred to other facilities because of contractual limitations may amount to a denial of access to adequate medical care and thus a deliberate indifference to serious medical needs. Cf. Anderson v. City of Atlanta, 778 F.2d 678, 687 n. 12 (11th Cir.1985). Finally, the denial of the opportunity to earn institutional and educational good time credits under the District of Columbia Good Time Credits Act, D.C.Code Ann. Secs. 24-428 et seq., to District inmates transferred under contract to non-federal facilities in other states may state a violation of equal protection. Cf. Jackson v. Thornburgh, 907 F.2d 194 (D.C.Cir.1990); Moss v. Clark, 886 F.2d 686, 691 n. 6 (4th Cir.1989). On remand, the district court is instructed to order the District of Columbia defendants to file an answer to the complaint, both as to the claims concerning the conditions of incarceration and the Good Time Credits Act.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.