971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
SUN COMMUNICATIONS, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 No. 91-1548.
 United States Court of Appeals, District of Columbia Circuit.
 July 31, 1992.
Rehearing Denied Oct. 16, 1992.
 
 Before WALD, SILBERMAN and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; and the motion for summary reversal, the opposition thereto, and the reply, it is
 
 
 2
 ORDERED that the motion for summary reversal be denied. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Cascade Broadcasting Group, Ltd. v. FCC, 822 F.2d 1172, 1174 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The appellee properly dismissed appellant's application because appellant's president did not sign the certification statement as required by FCC Rule 22.923(b)(7), 47 C.F.R. § 22.923(b)(7). Cf. Florida Institute of Technology v. FCC, 952 F.2d 549, 550 (D.C.Cir.1992) (observing that the court has "consistently approved the FCC's hard-nosed rules" so long as applicants are given explicit notice of all applicable requirements); Salzer v. FCC, 778 F.2d 869, 873 (D.C.Cir.1985) (FCC had discretion to enact strict "complete and sufficient" standard for accepting lottery applications for low power television original broadcast licenses, as opposed to the usual "substantially complete" standard, in light of expected flood of applications and Commission's limited resources).
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.