14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald MCNALLY, Petitioner-Appellant,
v.
Michael COOKSEY,** Warden, United States
Penitentiary, Marion, Illinois, Respondent-Appellee.
 No. 92-2181.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 17, 1993.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 90 C 3275; William L. Beatty, Senior Judge.
 
 
 1
 S.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Ronald McNally, proceeding pro se, appeals from the district court's order adopting the recommendation of the magistrate judge and denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. We affirm.
 
 
 4
 McNally asserts that the district court adopted the magistrate judge's recommendation without conducting a de novo review of the portions of the recommendation to which McNally had filed objections, in violation of 28 U.S.C. Sec. 636(b)(1)(C). Relying on Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983), McNally argues that the district court's failure to conduct a de novo review is demonstrated by the fact that the transcript of a hearing on all pending motions, which was held by the magistrate judge on September 18, 1990, was not prepared until two months after the district court had entered its order on April 8, 1992. This argument is without merit. Unlike the hearing in Hernandez, the magistrate judge's hearing was not evidentiary, and the parties did not argue the merits of the pending motions. Id. Hernandez thus is inapplicable here. The attached order of the district court reveals that it carefully considered each of McNally's objections and adopted the magistrate judge's report and recommendation only after reviewing the record de novo. Therefore, the district court did not violate 28 U.S.C. Sec. 636(b)(1)(C).
 
 
 5
 McNally asserts that the district court also violated 28 U.S.C. Sec. 636(b)(1)(C) by failing to consider his objection concerning his claims that he was denied due process of law in disciplinary proceedings of the Bureau of Prisons ("BOP"). This argument fails because the district court adopted the report and recommendation of the magistrate judge, which found McNally's argument to be without merit. As the magistrate judge correctly observed, the United States Parole Commission ("USPC") may conduct an assessment of an inmate's behavior which is independent from prison disciplinary actions. See Levesque v. Brennan, 864 F.2d 515, 518 (7th Cir.1988). The USPC may consider all available information, including hearsay and offenses to which a defendant has not been charged, in making its determination. Kramer v. Jenkins, 803 F.2d 896, 900 (7th Cir.), on reh'g, 806 F.2d 140 (1986). De novo review did not require the district court to write separately to address such a frivolous argument.
 
 
 6
 McNally asserts that the district court erred in failing to conduct an evidentiary hearing concerning his claims under 28 U.S.C. Sec. 2243. The statute, however, does not establish an absolute right to an evidentiary hearing. 28 U.S.C. Sec. 2243. "To allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. Sec. 2255, or state prisoners under 28 U.S.C. Sec. 2241-2254, would eliminate the chief virtues of the plea system-speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63, 71 (1977). We have held that a district court should dismiss a petition under 28 U.S.C. Sec. 2255 without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Liss v. United States, 915 F.2d 287, 290 (7th Cir.1990) (citation omitted).
 
 
 7
 The record contains no basis which would entitle McNally to an evidentiary hearing. The district court and the magistrate judge persuasively explained why McNally is not entitled to a writ of habeas corpus in the attached orders. Although McNally asserts in conclusory fashion that the district court relied upon disputed issues of material fact in its ruling, McNally has failed to specify any genuine issue of material fact. In these circumstances, "[t]he district court was not required to unnecessarily expend the resources of the court and conduct an evidentiary hearing." Politte v. United States, 852 F.2d 924, 931 (7th Cir.1988).
 
 
 8
 McNally asserts that the district court's factual findings are unsupported by the evidence in the record. Our review of the record, however, reveals that the district court's findings are well-supported by the evidence, and we are without "the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573 (1985) (citation omitted). The district court's findings thus are not clearly erroneous. Id.
 
 
 9
 McNally's assertions that (1) his placement in the United States Penitentiary in Marion, Illinois ("USP-Marion") was the result of the failure of the BOP to obtain documentation concerning his particular separation requirements (Pet. brief pp. 4-10, 23, 31-47); (2) in placing him at USP-Marion, the BOP improperly relied upon reports which were to be expunged (Pet. brief pp. 19-21); (3) the BOP was required, pursuant to 28 C.F.R. Sec. 2.55(b), to compile reports and other documents to be used by the USPC in making its parole determination (Pet. brief pp. 57-59); and (4) the USPC did not follow its regulations concerning disclosure to him of the reports and other documents it used in making its parole determination (Pet. brief pp. 59-62), were not raised in McNally's objections to the magistrate judge's report and recommendation, 28 U.S.C. Sec. 636(b)(1)(C), and therefore are waived for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 148 (1985); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir.1988).
 
 
 10
 McNally's remaining challenges that (1) he was unlawfully transferred from military custody to the custody of the BOP (Pet. brief p. 2); (2) the BOP failed to maintain adequate records concerning his prior military convictions (Pet. brief p. 1); (3) the USPC denied him due process of law in his parole determination proceedings (Pet. brief pp. 73-91); (4) he should not have been placed on waiver status from October 22, 1985 until his new application for parole in 1990 (Pet. brief pp. 52-57); (5) he was entitled to the appointment of counsel by the district court (Pet. brief pp. 25, 27-29); and (6) the military legal materials at USP-Marion are insufficient to guarantee his constitutional right of meaningful access to the courts (Pet. brief pp. 10, 22, 27, 30, 52), were thoroughly considered by the district court and properly rejected. Accordingly, we AFFIRM for the reasons stated by the district court and the magistrate judge in the attached orders.
 
 
 11
 AFFIRMED.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 13
 RONALD McNALLY, Petitioner,
 
 
 14
 vs.
 
 
 15
 JOHN CLARK, Warden, USP-Marion, Respondent.
 
 Jan. 31, 1992
 No. CV 90-3275-WLB
 REPORT AND RECOMMENDATION
 FRAZIER, Magistrate Judge:
 
 16
 This matter is before the Court for ruling on inmate McNally's habeas corpus action. Ronald McNally is a military prisoner serving his sentence in the custody of the Bureau of Prisons at the United States Penitentiary in Marion, Illinois. McNally claims that the Bureau of Prisons failed to obtain records from the Department of the Army and deprived him of meaningful parole and classification determinations. McNally was granted leave to add due process challenges to a parole determination issued on March 9, 1990.
 
 Background
 
 17
 McNally is serving an aggregate 45-year term of imprisonment imposed by court-martial for conspiracy to murder, murder, conspiracy to escape, escape, larceny, and robbery. He was transferred from USP-Leavenworth to USP-Marion in 1982. He was in the custody of the Bureau of Prisons at the time he became eligible for parole on January 6, 1985. Because of his incarceration in a federal prison, his parole determination is made by the United States Parole Commission.
 
 
 18
 McNally applied for a parole determination on August 21, 1984. An initial parole hearing was scheduled for October, 1984. That hearing could not proceed because the regional parole office had not returned McNally's file to USP-Marion. A phone call to the regional office revealed that additional information was required before a pre-hearing assessment could be prepared. McNally's case was continued to the next docket, and his file was returned to the prison for a pre-sentence report with a note, "The file contains no information re: subject's offenses or background" (Doc. # 47, Exhs. 3, 4.)
 
 
 19
 After receiving the file, McNally's unit manager wrote to the Department of the Army requesting official versions of his offenses and disclosure privileges for McNally. This request produced a letter from the prosecuting attorney but nothing more (Doc. # 41, Exh. H).
 
 
 20
 The initial parole hearing was rescheduled for December, 1984. The hearing examiner reviewed McNally's mini-file and concluded that it contained insufficient information concerning his escape, larceny, and robbery offenses. The case was rescheduled for the February, 1985, docket but was continued again and once again on April 18, 1985. These continuances were due to insufficient information and because permission had not been received from the Army to disclose details to McNally pertaining to his offenses (Doc. # 47, Exhs. 6, 7; Doc. # 41, Exh. F).
 
 
 21
 On May 29, 1985, the Bureau of Prisons provided the hearing examiner with an initial pre-hearing packet, noting that authority to disclose the PSI had not been received from the military (Doc. # 41, Exhibit P). By June, 1985, the parole authorities had acquired enough information to prepare their pre-hearing assessment. A hearing was attempted on June 19, 1985, but was continued when plaintiff informed the examiners that he wanted to exercise his right to review disclosable material 30 days before the hearing.[1] On the same date, one of the panel members had a telephone conversation with an official at the United States Disciplinary Barracks in Leavenworth, Kentucky and obtained information pertaining to McNally's second arrest (Doc. # 47, Exhs. 9, 10, 11).
 
 
 22
 On July 24, 1985, the Regional Parole Commissioner responded to McNally's request for disclosure by advising him that the disclosable materials had been provided to and should be requested from his case manager. Materials that could not be disclosed were summarized (Doc. # 47, Exh. 13). McNally received an opportunity to review the documents on August 10, 1985, and August 13, 1985 (Doc. # 47, Exh. 15).
 
 
 23
 The case was called again for an initial hearing on August 19, 1985. McNally refused to proceed on the basis that he had not received full disclosure of the materials to be considered by the examiners (Doc. # 47, Exh. 14). Another attempt to conduct McNally's initial hearing was made on October 22, 1985. The examiners at this point were prepared to proceed and were convinced that McNally had received a reasonable opportunity to review the disclosable materials and summaries of the non-disclosable materials that would be considered in making a parole determination. McNally disagreed and requested a continuance. The request was granted, but further proceedings were not scheduled until McNally submitted a new application for parole in 1990. During the interim period, McNally unsuccessfully sought to compel his return to military custody in mandamus and tort claim actions. See McNally v. United States, No. 86-4049 (S.D.Ill.1988); McNally v. Henman, No. 88-3097 (S.D.Ill.1988). McNally was considered to be in waiver status during this period (Doc. # 47, Exh. 18).
 
 
 24
 When McNally reapplied for a parole determination, he signed a form waiving his right to advanced disclosure of the materials from his files (Doc. # 47, Exh. 17). An initial hearing was promptly held (Doc. # 47, Exh. 18). The Regional Parole Commissioner decided to continue McNally's incarceration to the expiration of his sentence. On appeal, McNally's guideline range was modified to reflect an acquittal on an assault charge, but the decision remained the same (Doc. # 47, Exh. 21).
 
 
 25
 Issues Pertaining to the Parole Proceedings
 
 
 26
 Congress has delegated sole discretionary authority to grant or deny parole to the United States Parole Commission. Absent a procedural or legal error, judicial review of a parole determination is limited to a search for abuse of discretion or arbitrary or capricious action. Schiselman v. U.S. Parole Comm'n, 858 F.2d 1232, 1237 (7th Cir.1986).
 
 
 27
 McNally's first argument for habeas relief is based on the prison's failure to provide the parole examiners with complete and accurate information regarding his criminal record. McNally contends that the lack of information deprived him of a parole hearing in compliance with Title 18 U.S.C. Sec. 4208(a). That statute provides that, when feasible, the initial parole hearing for a prisoner serving a definite term of imprisonment shall be held not later than 30 days before his parole eligibility date. 18 U.S.C. Sec. 4208(a).
 
 
 28
 The Bureau of Prisons has the responsibility to prepare complete studies of its prisoners and must provide the parole commission with a summary report. That report may include "data regarding the prisoner's previous delinquency or criminal experience." 18 U.S.C. Sec. 4205(d). There is no statute or regulation which compels the Bureau of Prisons to compile specific or official information concerning the circumstances of an inmate's criminal activities. Due process requires only that the parole decision be based on reason, not fanciful supposition. Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir.1986). The Due Process Clause does not require the Bureau of Prisons to compile information for use by the Parole Commission. McNally's challenge to the prison's information-gathering efforts does not provide a basis for habeas relief.
 
 
 29
 McNally also claims that his parole proceedings were not timely or meaningful because the Parole Commission did not have accurate and complete records pertaining to his criminal offenses. The Parole Commission is required to make an initial parole determination before the inmate's eligibility date whenever "feasible" or "practicable." 18 U.S.C. Sec. 4208(a); 28 C.F.R. Sec. 2.12(a). In McNally's case, the hearing examiners had reason to believe that it was neither feasible nor practical to make an initial determination before his eligibility date. The examiners delayed their initial determination until they were satisfied that they had accumulated available information and were convinced that McNally had sufficient pre-hearing disclosure and was ready and willing to proceed with the hearing. There is no basis to conclude that the parole authorities abused their discretion in delaying an initial hearing until February, 1990.
 
 
 30
 McNally next argues that he had a due process right to receive written notification of the reasons for the delay of his initial hearing.[2] McNally does not dispute the evidence suggesting that the hearing examiners orally explained on several occasions that his parole proceedings were being delayed because they needed additional information (Doc. # 47, Exhs. 3, 6, 7). In addition to receiving oral explanations, McNally received a December, 1984, memorandum bearing the explanation, "You may be deferred until the February Board pending receipt of PSI material from the military" (Doc. # 41, Exh. B) and a February, 1985, memorandum explaining that the examiners "could not hear your case ... as scheduled for lack of information (Doc. # 41, Exh. F). Additionally, in responding to McNally's administrative complaints, his correctional counselor explained that the delay was occasioned by a need for information (Doc. # 41, Exhs. E, G, H).
 
 
 31
 When parole is denied, due process requires only a statement of reasons sufficient to enable a reviewing court to determine whether parole was denied for an impermissible reason or for no reason at all. Solomon v. Elsea, 676 F.2d 282, 286 (7th Cir.1982). This was done. There is no statutory or due process requirement that a written statement be prepared in connection with initial hearing delays. This argument for habeas relief should be rejected.
 
 
 32
 McNally next challenges the consideration of prison misconduct reports which the parole authorities characterized as new criminal conduct.[3] He argues that his misconduct cannot be considered in a parole determination unless the prison disciplinary committee recommends that parole be rescinded or retarded. This argument is wholly without merit. The Parole Commission has authority to assess the significance of an inmate's behavior separately from prison disciplinary actions. See Levesque v. Brennan, 864 F.2d 515, 518 (7th Cir.1988) (parole commission free to consider information disregarded by sentencing court).
 
 
 33
 McNally next argues that the Parole Commission's March 9, 1990, Notice of Action was constitutionally insufficient because it did not explain the calculation of his salient factor score.[4] Title 18 U.S.C. Sec. 4206 directs the commission to state with particularity the reasons for a denial of parole or for a decision to exceed the guidelines. 18 U.S.C. Sec. 4206(b); 18 U.S.C. Sec. 4206(c). The regulations implementing this statute direct that a "guidelines evaluation statement" be provided. That statement should contain the points credited on each item of the prisoner's salient factor score. 28 C.F.R. Sec. 2.13(d).[5]
 
 
 34
 The Notice of Action issued on March 9, 1990, informed McNally of the individual salient factor scores which were calculated to reach his total score of seven (Doc. # 47, Exh. 19). That statement is sufficient to satisfy the regulation. The Notice of Action also adequately informed McNally of the grounds for the parole decision and was sufficiently specific to allow a reviewing body to determine whether parole was denied for an impermissible reason or no reason at all. That is all that due process requires. Solomon v. Elsea, 676 F.2d at 286.
 
 
 35
 McNally next complains that the parole authorities considered an adverse parole recommendation from a military trial attorney that was inconsistent with the terms of his 1974 plea agreement.[6] The plea agreement is said to have included recommendations for clemency and a recommendation that McNally see the parole authorities after 10 years of incarceration. There is no suggestion that the prosecution expressly agreed to recommend that McNally be released on parole. The sentencing phase of a prosecution is distinct from the parole phase and recommendations of leniency in the former situation are not binding on the Parole Commission. Augustine v. Brewer, 821 F.2d 365, 368-69 (7th Cir.1987). The Parole Commission's consideration of the prosecuting attorney's recommendation against release on parole does not warrant habeas relief.
 
 
 36
 McNally's final argument is that he was not given a fair opportunity to contest two prison disciplinary proceedings which resulted in findings that he possessed a weapon and assaulted a correctional officer.[7] McNally disputed his guilt in those proceedings and believes that the Parole Commission was obligated to investigate the facts and evaluate all of the evidence before concluding that he had committed new criminal conduct.
 
 
 37
 The weapons charge arose in December, 1983, and the assault charge arose in April, 1984. Prison disciplinary hearings were conducted on both charges. McNally denied the charges but was found guilty on both occasions. Both proceedings were reported in the materials available for McNally's review prior to the parole hearing. The parole authorities specifically found that McNally violated the prison rules as charged. They concluded that he possessed a weapon on February 27, 1983, and assaulted a correctional officer with his fist on April 28, 1984 (Doc. # 47, Exh. 18). McNally challenged these findings at length before the National Appeals Board (Doc. # 48, Exh. 20). The Appeals Board considered McNally's evidence but was not persuaded that the disciplinary findings were inaccurate (Doc. # 47, Exh. 21).
 
 
 38
 The Parole Commission is entitled to consider disciplinary reports prepared by prison staff, including reports of disciplinary proceedings. 28 C.F.R. Sec. 2.19(a)(1). With respect to the two incidents challenged here, McNally had several opportunities to challenge the facts contained in the disciplinary reports. The prison disciplinary hearings offered one such opportunity, and McNally had administrative remedy procedures available as well. He also had opportunities before and during his initial parole hearing to challenge the information and one final opportunity before the National Appeals Board. It is apparent that McNally had a full and fair opportunity to contest the disciplinary charges before and during the parole proceedings. Moreover, the disciplinary reports provided some evidence to support the determination that new criminal conduct occurred.[8] Habeas relief is not appropriate on this claim.
 
 Issues Pertaining to Classification
 
 39
 McNally also contends that the Bureau of Prisons failed to acquire accurate, complete, and relevant records pertaining to his criminal offenses which deprived him of timely and meaningful classification consideration.[9] McNally states that he was transferred from the U.S. Department of the Army to the U.S. Bureau of Prisons in May, 1978. He contends that the bureau should have neither accepted him nor retained him in its custody without acquiring the information necessary to classify him within the prison system.
 
 
 40
 Responses to McNally's administrative remedy request indicate that he is at USP-Marion because he is unmanageable in a less secure setting. His transfer to Marion from USP-Leavenworth in 1982 occurred because he was implicated in an escape plot (Doc. # 37, Exhs. 7, 9).
 
 
 41
 There is no basis to conclude that McNally's confinement in the Bureau of Prisons or specifically at USP-Marion violates any statutory or constitutional requirement. Title 18 U.S.C. Sec. 4083 provides as follows:
 
 
 42
 Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary.
 
 
 43
 The United States Supreme Court has recognized that the decision to assign inmates to a particular institution is "not subject to audit under the due process clause, although the degree of confinement in one prison may be quite different than that in another." Meachum v. Fano, 427 U.S. 215, 224 (1976). The Seventh Circuit has specifically ruled that an inmate's assignment to USP-Marion is not constitutionally protected. Bruscino v. Carlson, 854 F.2d 162, 167-68 (7th Cir.1988).
 
 
 44
 For the reasons stated, plaintiff's challenge to his classification should be rejected as a basis for granting habeas relief.
 
 Conclusion
 
 45
 IT IS RECOMMENDED that inmate McNally's Petition for a Writ of Habeas Corpus (Doc. # 1, as amended by the issues raised in Document No. 41), be DENIED.
 
 
 46
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 47
 RONALD McNALLY, Plaintiff,
 
 
 48
 vs.
 
 
 49
 JOHN CLARK, Warden, USP-Marion, Defendant.
 
 April 8, 1992
 No. 90 3275 WLB
 ORDER
 
 50
 This matter is before the court on the Report and Recommendation filed by Magistrate Judge Frazier (Doc. 53) recommending that plaintiff's petition for writ of habeas corpus (Doc. 1, as amended by the issues raised in Doc. 41) be denied. The plaintiff has filed timely objections to the Magistrate's Report and Recommendation pursuant to 28 U.S.C. Sec. 636(b) (Doc. 54).
 
 
 51
 In the interest of brevity and judicial economy, the background of plaintiff McNally's instant action has been sufficiently set forth in the Magistrate's Report and Recommendation (Doc. 53, pages 1-4).
 
 
 52
 Plaintiff McNally alleges that the Bureau of Prisons failed to maintain adequate records regarding his prior military convictions. Thus, plaintiff alleges that the parole commission had an inadequate record upon which to base his parole determination. Plaintiff McNally alleges that his disclosure rights pursuant to 28 U.S.C. Sec. 4308(b) were violated. Additionally, plaintiff alleges that the Bureau of Prisons denied plaintiff's "hearing on his application for parole consideration in December of 1985 without due process of law" (Doc. 54). Accordingly, plaintiff McNally feels entitled to a notice of action explaining the continuances and/or a return to military custody. Plaintiff objects to his initial transfer from military custody into a federal penitentiary. Plaintiff also alleges that the Bureau of Prisons is obligated to provide plaintiff with military legal research materials. Plaintiff objects that the United States Parole Commission does not have the authority to consider incident reports that did not result in imposed disciplinary sanctions. Plaintiff objects to his being considered in waiver status between the October, 1985 attempted parole hearing and his reapplication for parole in 1990. Finally, plaintiff repeatedly requests this court to appoint counsel to represent him.
 
 
 53
 Plaintiff objects to his initial transfer from military custody into the Bureau of Prisons' custody and his continued confinement in the Bureau of Prisons. Title 18 U.S.C. Sec. 4083 states in pertinent part: Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States Penitentiary. In addition, it is well established that the plaintiff has no constitutional right to be incarcerated at the particular institution of his choice. Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), Shango v. Jurich, 681 F.2d 1092 (7th Cir.1982). Therefore, plaintiff has no constitutional right to choose his location of incarceration nor does he have a constitutional right to be transferred back to military custody. Accordingly, plaintiff's objections regarding the initial transfer into the Bureau of Prisons' custody, the continuation of confinement in the Bureau of Prisons and the request to be transferred back to military custody are meritless.
 
 
 54
 Plaintiff objects that the Bureau of Prisons failed to maintain adequate records regarding his criminal activities and thus provided insufficient information to the United States Parole Commission for their parole determination. Plaintiff also objects that this lapse in record keeping by the Bureau of Prisons rendered his parole proceedings untimely and meaningless. Plaintiff's allegations must fail. The magistrate clearly and correctly noted that the due process clause does not require the Bureau of Prisons to compile information for use by the United States Parole Commission. Additionally, due process only requires that the parole decision be based on reason, not fanciful supposition. Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir.1986). Additionally, the magistrate was correct in noting that the parole commission is required to make an initial parole determination before the inmate's eligibility date whenever feasible or practical. See 18 U.S.C. Sec. 4208(a); 28 C.F.R. Sec. 2.12(a). It is entirely reasonable for the hearing examiners to delay plaintiff's initial determination until they were satisfied that they had accumulated sufficient information and that plaintiff had received his prehearing disclosure rights. Although it is unfortunate that plaintiff's initial determination was delayed until after his eligibility date, that delay does not rise to the level of a constitutional violation.
 
 
 55
 Plaintiff alleges that his disclosure rights pursuant to 18 U.S.C. Sec. 4208(b) were violated. It is apparent from a thorough review of the record that plaintiff's disclosure rights pursuant to Sec. 4208(b) were satisfied. (Doc. 47, Exs. 13, 14, and 15; Doc. 20, Ex. A-29).
 
 
 56
 Plaintiff contends that due process requires the parole commission to give him reasons in the form of a notice of action regarding the continuances of his parole hearing. Due process only requires that a statement of reasons be given that are sufficient to enable a reviewing court to determine whether parole was denied for an impermissible reason or for no reason at all. Solomon v. Elsea, 676 F.2d 282, 286 (7th Cir.1982). On several occasions, plaintiff McNally received oral explanations regarding the delay of his parole proceedings. (Doc. 47, Exs. 3, 6, 7). Additionally, plaintiff received written memoranda explaining the delay (Doc. 41, Exs. B & F). Additionally, plaintiff's correctional counselor explained the delay in responding the McNally's administrative complaint (Doc. 41, Exs. E, G, H). Thus, this argument for habeas relief is rejected.
 
 
 57
 Plaintiff objects to the magistrate's conclusion that plaintiff was in waiver status during the period from October 22, 1985 until he submitted his new application for parole in 1990. It is apparent from a review of the record, that the hearing examiners were prepared to go forth with the hearing on October 22, 1985 (Doc. 47, Ex. 15). Plaintiff requested a continuance on the same date (Doc. 47, Ex. 16). Judicial review of a parole determination is limited to a search for abuse of discretion or arbitrary or capricious action. Schiselman v. U.S. Parole Commission, 858 F.2d 1232, 1237 (7th Cir.1986). As the magistrate noted, plaintiff sought to compel his return to military custody during the interim period between October of 1985 and his reapplication for parole in 1990. See McNally v. United States, No. 86-4749 (So.Dist.Ill.1988); McNally v. Henman, No. 88-3097 (So.Dist.Ill.1988) Affirmed on appeal in an unpublished opinion No. 88-1911, 904 F.2d 38 (7th Cir.1990). It was neither an abuse of discretion nor an arbitrary or capricious action for the parole board to consider plaintiff in waiver status during that interim period of time. Thus, plaintiff's objection concerning waiver status must fail.
 
 
 58
 Plaintiff McNally alleges that the military legal research materials at the United States Penitentiary at Marion are insufficient to guarantee his constitutional right of meaningful access to the courts. To support this allegation, plaintiff has submitted documents to show that he does not have access to these materials. (Doc. 41, Exs. V, V-1, V-2, V-3, W, X-1, X-2). The Supreme Court has held that "prisoners have a constitutional right of access to the courts," Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1494, 52 L.Ed.2d 72 (1977). This access must be adequate, effective, and meaningful. Id at 822. Plaintiff was convicted under military law. The Uniform Code of Military Justice provides that plaintiff McNally must be afforded the "same discipline and treatment" as federal civilian prisoners. See 10 U.S.C. Sec. 858(a); Sills v. Bureau of Prisons, 761 F.2d 792 (D.C.1985). This court notes however that the writ of habeas corpus is not available on this issue. Even if plaintiff prevails, he would not be entitled to be released but may be entitled to mandamus or injunctive relief. However, plaintiff has not exhausted his administrative remedy procedures pertaining to this claim. Therefore, this claim only is construed as a request for mandamus or injunctive relief and as such is denied without prejudice to plaintiff's refiling this claim in a new action after exhaustion of remedies.
 
 
 59
 Plaintiff has continuously requested this court to appoint counsel to represent him in his action. This court directs plaintiff's attention to Doc. No. 27 denying plaintiff's request for appointment of counsel. Plaintiff has not demonstrated a change in circumstances that would warrant the appointment of counsel. Thus plaintiff's request for appointment of counsel is denied.
 
 
 60
 Accordingly, for the above stated reasons, this court adopts the Magistrate Judge's Report and Recommendation (Doc. 53) and plaintiff's petition for writ for habeas corpus (Doc. 1, as amended by the issues raised in Doc. 41) is denied.
 
 
 61
 IT IS SO ORDERED.
 
 WILLIAM L. BEATTY
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Michael Cooksey is substituted for his predecessor, John L. Clark, as warden of the United States Penitentiary in Marion, Illinois. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Inmates are entitled to reasonable access to the information to be used by the hearing examiners at least 30 days before the proceeding. 18 U.S.C. Sec. 4208(b). The Bureau of Prisons is to respond within 15 days after an inmate submits a disclosure request. 28 C.F.R. Sec. 2.55(a)(1)
 
 
 [2]
 This issue is raised on pages 1-10 of McNally's supplemental memorandum (Doc. # 41)
 
 
 [3]
 This issue is raised in Document No. 41, pages 22-23
 
 
 [4]
 This issue is raised in Document No. 41, pages 24-25
 
 
 [5]
 The salient factor score is the total sum of six scored factors. The factors and scoring procedures are set forth in 28 C.F.R. Sec. 2.20
 
 
 [6]
 This issue is raised in Document No. 41, pages 25-26
 
 
 [7]
 This argument is raised in Document No. 41, pages 26-32
 
 
 [8]
 The first disciplinary report indicated that a number of shanks were discovered in the metal portion of McNally's bed. The second report indicated that he struck a correctional officer in the arm with his fist (Doc. # 30, Exh. G, pp. 21-24; 44-47)
 
 
 [9]
 This issue is raised in Document No. 1